UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
MICHAEL JOHN MAZZEO,                    )
                                        )
          Plaintiff,                    )
                                        )     CIVIL ACTION NO.
          v.                            )     16-10629-MPK
CENTRAL BERKSHIRE DISTRICT              )
COURT, et al.,                          )
                                        )
          Defendants.                   )
_____)

ORDER FOR REASSIGNMENT AND
REPORT AND RECOMMENDATION FOR DISMISSAL

Kelley, M.J.

     The plaintiff, Michael John Mazzeo (also identified as

Mazzeo Unum), filed a *pro se* complaint with an Application to

Proceed in District Court without Prepaying Fees and Costs.

This action was randomly assigned to the undersigned Magistrate

Judge pursuant to the District Court's Program for Random

Assignment of Civil Cases to Magistrate Judges.

I.    Background and Procedural History

     Plaintiff Michael John Mazzeo ("Mazzeo-Unum") filed a

complaint that is written on pre-printed forms for filing

complaints pursuant to the Americans with Disabilities Act and

employment discrimination based upon age. See Docket #1. Mazzeo-

Unum lists a home address in Scranton Pennsylvania, and names as

1

defendants (1) the United States Department of Justice; (2) the United States Department of Education; (3) Southern Berkshire District Court; and (4) the Supreme Court of the State of New York.  Id. at ¶¶ 2, 3.  The case caption identifies the Central Berkshire District Court as a defendant.  Id.  The Court notes that the factual allegations consist primarily of references to (1) plaintiff's exhibits; (2) various statutes and laws; and (3) incoherent statements.  Id.  The extensive exhibits consist of letters and documents regarding other lawsuits; photocopied excerpts from publications; and hand-written documents.1 See Docket No. 2.

Although the complaint and motion to proceed *in forma pauperis* refer to the plaintiff as "Mazzeo Unum, et al." and "the General Public, et al.," many of the accompanying exhibits name many other individuals with the surname of Mazzeo-Unum [Bruno, Giovanni, Michel, Ariel, Samantha, Giovavia, Christian, Antonio, Toro] and it is unclear whether these are alternate names for a single person, or whether the documents concern multiple individuals named Mazzeo-Unum.

The Court's records indicate a lawsuit was filed in the

---

1 The exhibits are so voluminous that they could not be scanned into the Court's electronic filing system.  See Docket #2.

District of Massachusetts ten years ago by a plaintiff named
Michael Bruno Mazzeo-Unum.  See Mazzeo-Unum v. Continental
Casualty Company Inc, et al., C.A. No. 06-10934-MAP (4(m)
dismissal Oct. 30, 2006).  A cursory comparison of the pleadings
filed in 2006 with those filed in the instant action[2] leads this
Court to conclude that they were both filed by the same person.

    Pursuant to a search of the federal Judiciary's Public
Access to Court Electronic Records (PACER) service, the Court
discovered that a litigant named Bruno Mazzeo Unum has been a
prolific litigant in other federal courts.  See e.g. Mazzeo-Unum
v. Soc. Sec. Admin., No. 11-cv-983 GLS/RFT, 2011 WL 55554364
(N.D.N.Y. Oct. 4, 2011) report and recommendation adopted sub
nom. Unum v. Soc. Sec. Admin., 11-cv-983 GLS/RFT, 2011 WL
5554310 (N.D.N.Y. Nov. 15, 2011); Mazzeo-Unum v. Dep't of
Transp., No. 12-cv-1856, 2012 WL 2636159 (N.D.N.Y. June 12,
2013); Unum ex rel. Neuro-Med. Diagnostic Care Servs. P.C. v.
Dep't of Transitional Assistance, No. 13-cv-1593 MAD/ATB, 2014
WL 1572799 (N.D.N.Y. Apr. 18, 2014); and Mazzeo-Unum v. Expert
Witness, et al., No. 15-cv-364 HEA (E.D. Mo. Feb. 27, 2015).

---

[2] In the instant action, Exhibit A VI (2) contains a letter from
the Scranton Housing Authority, as well as other documents,
addressed to Michael Bruno Mazzeo Unum.  Also, the Court
compared the handwriting on the pleadings in both cases and
finds that the handwriting is similar, if not the same.

II.   Discussion

    A.   Motion to Proceed *In Forma Pauperis*

Based upon review of plaintiff's motion for leave to proceed *in forma pauperis*, the Court concludes that plaintiff has demonstrated a lack of funds to prepay the filing fee.  His sole source of income is from Social Security benefits.  The Court therefore will grant the motion.

    B.   Preliminary Screening

Because plaintiff has sought to proceed without the prepayment of the filing fee, the matter is subject to review to determine if it satisfies the requirements of section 1915 of Title 28, the federal *in forma pauperis* statute.  See 28 U.S.C. § 1915.  This statute authorizes federal courts to dismiss a complaint if the claims are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

Additionally, the Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner.  At a minimum, to state a claim for relief a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

R. Civ. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Calvi v. Knox County</u>, 470 F.3d 422, 430 (1st Cir. 2006) (quoting <u>Educadores Puertorriqueños en Acción v. Hernández</u>, 367 F.3d 61, 66 (1st Cir.  2004)).

When examining the sufficiency of the complaint, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted).

In conducting this review, the Court recognizes that *pro se* pleadings are read with "an extra degree of solicitude," <u>Rodi v. Ventetuolo</u>, 941 F.2d 22, 23 (1st Cir. 1991; <u>see also</u> <u>Strahan v. Coxe</u>, 127 F.3d 155, 158 n. 1 (1st Cir. 1997) (noting obligation to construe *pro se* pleadings liberally) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)).

C.   <u>Analysis</u>

The complaint is subject to dismissal because plaintiff has not set forth a short and plain statement of his claim.  As

noted above, <u>supra</u> § I (background and procedural history), the factual allegations consist primarily of references to (1) plaintiff's exhibits; (2) various statutes and laws; and (3) incoherent statements.  The allegations are not coherent and fall far short of giving any defendant notice of plaintiff's claim and the grounds upon which it rests.

Although the Court is to give plaintiff's complaint a liberal construction, the Court finds it impossible to ascertain the nature of plaintiff's allegations.  Pro se litigants are not excused from complying with the Federal Rules of Civil Procedure.  <u>See</u> <u>F.D.I.C. v. Anchor Props.</u>, 13 F.3d 27, 31 (1st Cir. 1994).

Generally, plaintiffs are granted leave to amend a complaint before the complaint is dismissed, however, based on plaintiff's litigation history, amendment would be futile.  <u>See</u> <u>Abraham v. Woods Hole Oceanographic Inst.</u>, 553 F.3d 114, 117 (1st Cir.2009) citing <u>Adorno v. Crowley Towing & Transp. Co.</u>, 443 F.3d 122, 126 (1st Cir.2006).  Accordingly, the Court finds that the complaint is subject to dismissal pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim or cause of action against any of the named defendants.

## ORDER FOR REASSIGNMENT

This Court will direct that the case file for this action be returned to the Clerk's Office for REASSIGNMENT to a District Judge for dismissal.

## RECOMMENDATION TO THE DISTRICT JUDGE

Based on the foregoing, this Court RECOMMENDS to the District Judge to whom this case is reassigned that the *pro se* complaint be dismissed pursuant to 28 U.S.C. § 915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is hereby advised, pursuant to Fed. R. Civ. P. 72, that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Plaintiff is further advised that failure to file objections within the specified time waives the right to appeal the District Court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

7

CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1.    Plaintiff's Motion [#3] for leave to proceed *in forma pauperis* is GRANTED;

2.    This action shall be REASSIGNED to a District Judge; and

3.    This Court RECOMMENDS to the District Judge to whom this case is assigned that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

SO ORDERED.

                          /s/ M. Page Kelley
                          M. PAGE KELLEY
                          UNITED STATES MAGISTRATE JUDGE
DATE: May 16, 2016