UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10629-RGS

MICHAEL JOHN MAZZEO

v.

CENTRAL BERKSHIRE DISTRICT COURT, et al.

MEMORANDUM AND ORDER

July 18, 2016

For the reasons set forth below, Plaintiff shall demonstrate good cause why he should not be enjoined from filing further actions in this Court absent permission from a district judge.

BACKGROUND

On April 7, 2016, Michael John Mazzeo (also identified as Mazzeo Unum), filed a *pro se* complaint with an Application to Proceed in District Court without Prepaying Fees and Costs. See Docket. At that time, the action was randomly assigned to Magistrate Judge Kelley pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges. Id.

On May 16, 2016, Magistrate Judge Kelley ordered this action reassigned to a district judge and recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted. See Docket No. 6. The case caption of the complaint identifies the Central

Berkshire District Court as a defendant and also names as defendants the (1) the United States Department of Justice; (2) the United States Department of Education; (3) Southern Berkshire District Court; and (4) the Supreme Court of the State of New York.  See Docket No. 1.  The May 16, 2016 Order explained that it is impossible to ascertain the nature of plaintiff's allegations and that he has been a prolific litigant in other federal courts.[1]  See Docket No. 6.

The May 16, 2016 Order also explained that ten years ago, a lawsuit was filed in the District of Massachusetts by a plaintiff named Michael Bruno Mazzeo-Unum.  See Mazzeo-Unum v. Continental Casualty Company Inc, et al., C.A. No. 06-10934-MAP (4(m) dismissal Oct. 30, 2006).  A cursory comparison of the pleadings filed in 2006 with those filed in the instant action leads this Court to conclude that they were both filed by the same person.

---

[1] Pursuant to a search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service, the Court discovered that a litigant named Bruno Mazzeo Unum has been a prolific litigant in other federal courts.  See e.g. Mazzeo-Unum v. Soc. Sec. Admin., No. 11-cv-983 GLS/RFT, 2011 WL 55554364 (N.D.N.Y. Oct. 4, 2011) report and recommendation adopted sub nom. Unum v. Soc. Sec. Admin., 11-cv-983 GLS/RFT, 2011 WL 5554310 (N.D.N.Y. Nov. 15, 2011); Mazzeo-Unum v. Dep't of Transp., No. 12-cv-1856, 2012 WL 2636159 (N.D.N.Y. June 12, 2013); Unum ex rel. Neuro-Med. Diagnostic Care Servs. P.C. v. Dep't of Transitional Assistance, No. 13-cv-1593 MAD/ATB, 2014 WL 1572799 (N.D.N.Y. Apr. 18, 2014); and Mazzeo-Unum v. Expert Witness, et al., No. 15-cv-364 HEA (E.D. Mo. Feb. 27, 2015).

On May 16, 2016, the action was randomly reassigned to the undersigned.  See Docket No. 7.  By Order dated June 2, 2016, the Court adopted the Report and Recommendation of Magistrate Judge Kelley and dismissed the complaint.  See Docket No. 8.  The Order directed plaintiff to show cause why he shouldn't be enjoined from further filings as an abusive litigant.  Id.  The time for responding to the Court's June 2, 2016 Order expired on June 23, 2016.  The Court's records indicate that the Order that was mailed to plaintiff at the address on the docket was returned to the Court as undeliverable.[2]  See Docket No. 11.

## DISCUSSION

Plaintiff's filing of factually and legally deficient pleadings are a burden on this Court's time and resources.  By Order dated June 2, 2016, plaintiff was ordered to show cause why he shouldn't be enjoined from further filings as an abusive litigant.  His litigation history reveals that he has filed complaints in many cases in this and other federal courts, some of which seem to relate in some fashion to the instant action.  Given plaintiff's litigious history and the lack of legal merit of these cases, this Court finds that

---

[2] Plaintiff has not informed the clerk of any change of address and therefore any notice sent by the clerk shall be deemed delivered and properly served.  Local Rule 83.5.5(h).  The Clerk shall serve a copy of this Memorandum and Order by mail to the most recent addressed provided by Mr. Mazzeo.

plaintiff's conduct is malicious, vexatious, and an abuse of the processes of this Court for the administration of justice.[3]

A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993)). Under Rule 11, the Court may impose sanctions on an unrepresented party if she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. See Fed. R. Civ. P. 11(b)(1), (2); Eagle Eye Fishing Corp. v. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (*pro se* parties, like all parties and counsel are required to comply with the Federal Rules of Civil Procedure); Pronav Charter II, Inc. v. Nolan, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to *pro se* litigants) (citation omitted). Rule 11 exists, in part, to protect defendants and the Court from wasteful, frivolous and harassing lawsuits and provides for sanctions as a deterrent. See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992). In addition to

---

[3] Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." Local 285 Serv. Employees Int'l v. Nontuck Res. Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995) (internal citations omitted); accord Alexander v. United States, 121 F.3d 312, 315-16 (7th Cir. 1997) (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist"). Vexatious conduct may be found even in the absence of subjective bad intent, Local 285 Serv. Employees Int'l, 64 F.3d at 737.

Rule 11, section 1927 of Title 28 provides for the imposition of costs and expenses, including attorneys' fees, against a person for unreasonable and vexatious litigation. 28 U.S.C. § 1927.

Apart from authority under Rule 11 and § 1927, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same).

## ORDER

For the foregoing reasons, the plaintiff is ORDERED to demonstrate good cause, in writing, within twenty-one (21) days from the date of this Memorandum and Order, why he should not be enjoined from filing further actions in this Court absent permission from a district judge.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE