UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10629-RGS

MICHAEL JOHN MAZZEO

v.

CENTRAL BERKSHIRE DISTRICT COURT, et al.

ORDER

September 13, 2016

By Order on Report and Recommendation of the Magistrate Judge, this Court dismissed this *pro se* action for failure to state a claim. See Docket Nos. 6, 8. Because it appeared to the Court that plaintiff has been a prolific vexatious litigant in other federal courts, plaintiff was directed to show cause why he shouldn't be enjoined from further filings as an abusive litigant. See Docket No. 8. This Court entered a second order, on July 18, 2016, for plaintiff to show cause in writing no later than August 8, 2016, why he should not be enjoined from filing further actions in this Court absent permission from a district judge. See Dkt. No. 12; see also Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir. 1993) (per curiam) (pro se litigant must be given notice and an opportunity to respond prior to entering an injunction restricting litigant's filing ability).

The Court's records indicate that the Magistrate Judge's Report and Recommendation as well as the subsequent Orders were returned to this Court as undeliverable.  See Docket Nos. 11, 15.  This Court's local rules require a party appearing *pro se* to inform the clerk of any change of address.  See District of Massachusetts Local Rule 83.5.5(h) (practice by *pro se* litigants).  This local rule also provides that any notice sent by the clerk shall be deemed delivered and properly served if sent to the most recent address provided by the *pro se* party.  Accordingly, the court deems that plaintiff has received notice and an opportunity to respond to the court's show cause order.

It is hereby ORDERED that Plaintiff Michael John Mazzeo is enjoined from filing any new civil action in this Court that relates directly or indirectly to prior litigation without first obtaining written approval of a judge of this Court authorized to act on matters on the Miscellaneous Business Docket.  Plaintiff may seek such written approval by filing a written petition seeking leave of court to do so.  Such petition must be accompanied by a copy of this Order, the papers sought to be filed and a certification under oath that there is a good-faith basis for their filing.  The Clerk of Court shall accept the documents, mark them received, and forward them to a judicial officer for action on the petition.  Any documents which are submitted for filing by the

plaintiff in violation of this Order shall not be filed or docketed by the Clerk's Office, but shall be returned to plaintiff.  The Clerk shall mail a copy of this Order to plaintiff at the address listed on the docket.

                SO ORDERED.

                 /s/ Richard G. Stearns
                UNITED STATES DISTRICT JUDGE